UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN JUDAH MICHALEK,

    Plaintiff,

v.

PORT TOWNSEND POLICE DEPARTMENT, et al.,

    Defendants.

CASE NO. 3:19-CV-6170-RJB-DWC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff Brian Judah Michalek, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Complaint but provides Plaintiff leave to file an amended pleading by February 24, 2020, to cure the deficiencies identified herein.

**I.    BACKGROUND**

Plaintiff, who is housed in the Jefferson County Jail, alleges police officers Daniel Rios and Patrick Fudally used excessive force against him during an arrest. Plaintiff alleges he was removed from a patrol car, beaten and his head pressed against the ground, resulting in bruising and scraping of his lower back, head, neck, face, collar bone, left quadricep, wrists and ankles, as

well as being rendered semi-conscious. Dkt. 6 at 5, 7. In addition to his claim for excessive force (Count I), Plaintiff also asserts claims for false statements (Count II) and for false imprisonment and kidnapping (Claim III). Dkt. 6 at 6, 7. Plaintiff names as defendants the two individual police officers (Defendants Rios and Fudally), the Port Townsend Police Department, and the "Jefferson County Courthouse," and/or its "probation department," "judge department," and "prosecutor department" (collectively, the "County Defendants"). Dkt. 6 at 1, 3.[1]

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Except for Plaintiff's excessive force claim against Defendant Rios, Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

### A. *Personal Participation*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the

---

[1] The Court notes the Complaint appears to be missing some pages. Its narrative seems to be cut off in places (*see, e.g.* Dkt. 1-1 at 5, 7) and it reaches only to Page 7 of a reported 9 pages, before including a superfluous blank health services request form (Dkt. 1-1 at 8, 9). The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e). If Plaintiff files an amended complaint, he should check to ensure all pages are included, and the statement of each claim is complete.

violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

The Complaint alleges "Officer Daniel Rios busted and bruised my face, neck" and other parts of Plaintiff's body. Dkt. 6 at 7. This is the only place the Complaint identifies a particular Defendant as an actor engaging in conduct alleged to violate Plaintiff's constitutional rights. The Complaint contains no allegations of any actions by Defendant Fudally, the Port Townsend Police Department, or the County Defendants.

Thus, the Court finds Plaintiff has failed to allege personal participation against Defendant Fudally, the Port Townsend Police Department, or the County Defendants. To proceed with any claims against those named Defendants, Plaintiff must set forth specific factual

allegations underlying his claims and specifically identify how each person violated his constitutional rights.

B. *Improper Defendants*

In addition, Defendants Port Townsend Police Department, "Jefferson County Courthouse," the "Probation Department," "Judge Department," and "Prosecutor Department" are not legal entities capable of being sued under § 1983. Rather, two municipalities—the City of Port Townsend and Jefferson County—would be the proper defendants. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016). To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Monell*, 436 U.S. at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff has not named the City of Port Townsend or Jefferson County as defendants and has also not alleged facts demonstrating either municipality is liable. *See* Dkt.6. If Plaintiff seeks to sue the City of Port Townsend or Jefferson County, he must name them as defendants and allege facts sufficient to meet the required elements of a claim against a municipality, including showing how the City of Port Townsend and/or Jefferson County violated his constitutional rights.

C. *Failure to State a Claim*

Finally, Plaintiff has alleged no facts to support Count II (false statements) and Count III (false imprisonment). Instead, he merely makes conclusory assertions of both. Dkt. 6 at 6, 7. This is not sufficient to support those claims. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims). If Plaintiff wishes to bring a claim for false statements, he must allege what statements were made, by which Defendants, explain why they were false, and describe how the allegedly false statements violated his constitutional rights. Similarly, if he wishes to bring a claim for false imprisonment, Plaintiff must identify the individuals who falsely imprisoned him and allege the specific acts or failures to act by those defendants constituting a violation of his constitutional rights.

**III. Instruction to Plaintiff and the Clerk**

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for

the original Complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original Complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before February 24, 2020, the undersigned will recommend dismissal of all claims other than the claim for excessive force against Defendant Rios.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 24th day of January, 2020.

_____
David W. Christel
United States Magistrate Judge