UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN JUDAH MICHALEK,

          Plaintiff,

   v.

PORT TOWNSEND POLICE DEPARTMENT, et al.,

          Defendant.

CASE NO. 3:19-CV-6170-RJB-DWC

ORDER GRANTING EXTENSION AND DENYING COUNSEL

Plaintiff Brian Judah Michalek, proceeding *pro se* and *in forma pauperis*, initiated this civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. 1. Currently pending before the Court are Plaintiff's Motions for Appointment of Counsel (Dkt. 7, 9) and Motion for a 90 Day Extension (Dkt. 9). After considering the relevant record, the Court denies Plaintiff's Motion for Counsel (Dkt. 7) and grants-in-part and denies-in-part Plaintiff's Motion for Extension (Dkt. 9).[1]

---

[1] Plaintiff's Motion for Counsel also includes a motion for Court-appointed counsel. *See* Dkt. 9. The Court considered the request for court-appointed counsel contained in the Motion for Extension during consideration of the Motion for Counsel.

## I. Motions for Counsel (Dkt. 7, 9)

Plaintiff requests Court-appointed counsel. Dkt. 7, 9. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In Plaintiff's Motions, he fails to provide any explanation as to why he needs Court-appointed counsel. Dkt. 7, 9. The Court notes this case does not involve complex facts or law, and Plaintiff has not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. Plaintiff has also not shown he is likely to succeed on the merits of his case. In fact, at this time, the Court has found Plaintiff's Complaint fails to state a claim upon which relief can be granted. *See* Dkt. 8. Accordingly, Plaintiff's requests for Court-appointed counsel (Dkt. 7, 9) are denied without prejudice.

## II. Motion for Extension (Dkt. 9)

On January 24, 2020, the Court declined to serve Plaintiff's Complaint and directed Plaintiff to file an amended complaint or show cause why this case should not be dismissed on or before February 20, 2020 ("Order"). Dkt. 8. On February 3, 2020, Plaintiff filed the Motion for Extension, requesting a 90-day extension in his case. Dkt. 9. The Court presumes Plaintiff is requesting a 90-day extension to respond to the Order. Plaintiff does not explain why he needs the extension. *See id.*

After review of Plaintiff's Motion for Extension, the Motion for Extension (Dkt. 9) is granted-in-part as follows: Plaintiff shall have up to and including April 17, 2020 to respond to the Order. The Court notes that if Plaintiff fails to file a response to the Order by April 17, 2020, the Court will recommend this case be dismissed without prejudice.

## III. Conclusion

For the above stated reasons, Plaintiff's Motion for Counsel (Dkt. 7) is denied and Motion for Extension (Dkt. 9) is granted-in-part and denied-in-part. Plaintiff is denied Court-appointed counsel but shall have until April 17, 2020 to file a response to the Order.

Dated this 16th day of March, 2020.

David W. Christel
United States Magistrate Judge