UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN JUDAH MICHALEK,

          Plaintiff,

    v.

PORT TOWNSEND POLICE DEPARTMENT, et al.,

          Defendants.

CASE NO. 3:19-CV-6170-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: June 5, 2020

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is a letter from Plaintiff Brian Judah Michalek requesting to voluntarily dismiss this case. Dkt. 15. After review of the record, the undersigned recommends this case be dismissed without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

**I.    Background**

On December 5, 2019, Plaintiff initiated this lawsuit. *See* Dkt. 1. On January 24, 2020, the Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and screened the Complaint. Dkt. 5, 8. The Court found Plaintiff's Complaint suffered from deficiencies that

required dismissal if Plaintiff did not file an amended complaint correcting the deficiencies. Dkt. 8. After the Court granted Plaintiff an extension of time to file the amended complaint, Plaintiff filed a letter with the Court, but did not file an amended complaint. *See* Dkt. 12, 13. On April 23, 2020, the Court directed Plaintiff to file an amended complaint on a proper complaint form curing the deficiencies identified in the Court's January 24, 2020 Order on or before May 15, 2020. Dkt. 14. On May 4, 2020, Plaintiff filed the letter requesting to voluntarily dismiss this case. Dkt. 15. Plaintiff has not filed an amended complaint and Plaintiff's Complaint has not been served.

## II.   Discussion

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2).

The Court has not directed service of the Complaint in this case. Therefore, Plaintiff requested leave to dismiss this case prior to any defendant filing an answer or summary judgment motion. The Court also finds Plaintiff has not previously dismissed an action based on the same claim. The Court notes Plaintiff is requesting dismissal of his case because his legal paperwork is missing from his cell. Dkt. 15. He also states he is being retaliated against for filing this lawsuit. Dkt. 16. Plaintiff, however, does not state his decision to dismiss this case was

involuntary. *See* Dkt. 15, 16. Further, Plaintiff has not filed an amended complaint and the Complaint suffers from deficiencies that require dismissal. For these reasons, the Court finds dismissal pursuant to Rule 41(a)(1) is proper.

### III.    Conclusion

For the foregoing reasons, the Court recommends the Complaint be dismissed without prejudice pursuant to Rule 41(a)(1). The Court also finds this case does not constitute a strike under 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on June 5, 2020, as noted in the caption.

Dated this 15th day of May, 2020.

David W. Christel
United States Magistrate Judge