UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN JUDAH MICHALEK,<br><br>                Plaintiff,<br><br>   v.<br><br>PORT TOWNSEND POLICE DEPARTMENT, et al.,<br><br>                Defendants. | CASE NO. 3:19-CV-6170-RJB-DWC<br><br>ORDER TO FILE AMENDED COMPLAINT |

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Brian Judah Michalek, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Amended Complaint, but provides Plaintiff leave to file an amended pleading by August 31, 2020, to cure the deficiencies identified herein.

**I.     Background**

Plaintiff, who is housed in the Jefferson County Jail, alleges Daniel Rios, a police officer with the Port Townsend Police Department, hit Plaintiff and Plaintiff was knocked unconscious.

1  Dkt. 22. Plaintiff also names the Port Townsend Police Department and Jefferson County as
2  Defendants. *Id*.

3  **II.  Discussion**

4  Under the Prison Litigation Reform Act of 1995, the Court is required to screen
5  complaints brought by prisoners seeking relief against a governmental entity or officer or
6  employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the
7  complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to
8  state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant
9  who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,
10 152 F.3d 1193 (9th Cir. 1998).

11  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a
12 violation of rights protected by the Constitution or created by federal statute, and (2) the
13 violation was proximately caused by a person acting under color of state law. *See Crumpton v.*
14 *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to
15 identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271
16 (1994).

17  To satisfy the second prong, a plaintiff must allege facts showing how individually
18 named defendants caused, or personally participated in causing, the harm alleged in the
19 complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350,
20 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when
21 committing an affirmative act, participating in another's affirmative act, or omitting to perform an
22 act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping
23 conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d
24

at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

The Amended Complaint contains only a conclusory allegation that Defendant Rios beat Plaintiff and knocked him unconscious. Dkt. 22. Plaintiff then provides a narrative that appears to relate to Defendant Rios' conduct in unrelated matters.[1] Plaintiff has alleged no additional facts about the incident where Plaintiff was beaten. *See id*. at pp. 4-8. Further, the Amended Complaint contains no allegations against the Port Townsend Police Department or Jefferson County. Plaintiff does not adequately explain how Defendants Rios, the Port Townsend Police Department, or Jefferson County's actions or inactions violated his constitutional rights. Therefore, Plaintiff has failed to state a claim upon which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

The Court also notes the Port Townsend Police Department is not a legal entity capable of being sued under § 1983. Rather, the municipality—the City of Port Townsend —would be the proper defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016). To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or

---

[1] The Amended Complaint contains a vast amount of inappropriate language, some of which is directed at the Court. Dkt. 22. The Court notes this type of conduct is unacceptable and future filings consisting of similar language and tone may be stricken from the docket and Plaintiff may be sanctioned.

1  policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the

2  entity ratified the unlawful conduct. *Monell*, 436 U.S. at 690-91. A plaintiff must show (1)

3  deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to

4  deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force

5  behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

6  Here, Plaintiff has not named the City of Port Townsend as a defendant. Further, while Plaintiff

7  named Jefferson County as a defendant, he has not alleged facts showing the City of Port

8  Townsend or Jefferson County are liable for any constitutional violations. *See* Dkt. 22.

9        For the above stated reasons, Plaintiff has failed to a claim upon which relief can be

10  granted against Defendants Rios, the Port Townsend Police Department, and Jefferson County.

11        **III.   Instruction to Plaintiff and the Clerk**

12        Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights

13  action in this Court, he must file an amended complaint and within the amended complaint, he

14  must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes

15  was violated; (2) the name of the person who violated the right; (3) exactly what the individual

16  did or failed to do; (4) how the action or inaction of the individual is connected to the violation

17  of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the

18  individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

19        The amended complaint should contain a short, plain statement explaining Defendant

20  Rios's conduct surrounding the alleged incident. The amended complaint should not provide a

21  narrative regarding unrelated matters.

22        Plaintiff shall present the amended complaint on the form provided by the Court. The

23  amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

24

ORDER TO FILE AMENDED COMPLAINT - 4

and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original Complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before August 31, 2020, the undersigned will recommend dismissal of this action. Further, if the amended complaint contains inappropriate language or an inappropriate tone that is directed at the Court, the Court will recommend dismissal of this case as a sanction.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order to Plaintiff.

Dated this 31st day of July, 2020.

/s/ David W. Christel

David W. Christel
United States Magistrate Judge